SAMUEL SHAPIRO & CO., INC. (STRAUSS-ECKHARDT CO., INC.) *v.* UNITED STATES

**No. 5811.**—Invoices dated Oberlind, Germany, September 7, 1938, and October 18, 1938.

Entered at Baltimore, Md., September 26, 1938, and November 3, 1938.

Entry Nos. 1094/4 and 1639.

(Decided February 8, 1943)

*Sharretts & Hillis* (*Arthur L. Tallman* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

CoLE, Judge: These appeals to reappraisement bring for determination the proper dutiable values of certain Christmas-tree ornaments and glass animals or novelties exported from Oberlind, Germany, and imported at the port of Baltimore, Md.

The cases were submitted for decision on December 30, 1942, on a stipulation wherein the parties agree that—

the glass Christmas tree ornaments, glass animals or novelties, on the invoices covered by the reappraisement appeals  *  *  *, exported from Germany during the period from September 1938 through October 1938, and the per se unit invoice prices therefor and the market conditions with respect thereto, are the same in all material respects as the glass Chiristmas tree ornaments, glass animals or novelties, the per se unit invoice prices therefor and the market conditions with respect thereto, in the case of *F. W. Woolworth Co., et al.* v. *United States, Reappraisement Decision 5094,*  *  *  *, the record in said *R. D. 5094,* may be and hereby is incorporated as a part of the record in the reappraisements  *  *  *.

In the *Woolworth* case, *supra,* the question before the court was, whether the cash prices of people in the Sonneberg-Lauscha district of Germany manufacturing Christmas-tree ornaments, cocktail sticks, and other glass novelties in their homes, represented the proper dutiable. value of the merchandise; or whether higher prices charged by commissionaires or dealers was the proper basis for appraisement. The court found that the manufacturers' prices met all of the requirements of statutory value as defined in section 402 (c) and (d) of the Tariff Act of 1930, and accordingly held such values to be the proper ones for tariff purposes.

Acquiescing in the above agreement, the court finds that there existed for the Christmas-tree ornaments in question, at the time of exportation thereof, a foreign value and an export value as they are defined in said section 402, and that the proper basis for appraisement of the glass animals or novelties in question is export value.

It is accordingly held that such duitable values for all of the above-mentioned articles are the *per se* invoice prices, plus 3½ per centum social assessments, and plus, when not included in such *per se* unit invoice prices, the costs of cases and packing and the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, as invoiced, whenever reported as dutiable by the appraiser.

The appeals, having been abandoned as to all other merchandise, are hereby dismissed so far as they relate thereto.

Judgment will be rendered accordingly.